**James W. MITCHELL, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

Rehearing Denied May 4, 1973.

an altercation in Green's Restaurant in Shelbyville, Kentucky. The jury convicted him of voluntary manslaughter and fixed his punishment at 21 years in the penitentiary.

Appellant makes several contentions of error, only one of which has merit. We are of the opinion the instructions were adequate and the evidence sufficient to support the verdict. The only question which concerns us is whether or not the trial court committed prejudicial error when it refused to permit the appellant to exercise a peremptory right of challenge for the purpose of removing two jurors who had been tentatively accepted but not sworn.

In the course of the voir dire examination eleven jurors had been accepted and attorney for the appellant was examining the prospective twelfth juror when Mr. John Doyle Wilson, who had been examined and accepted by both the Commonwealth and the defense, stated that he was not sure of the questions previously asked of him. There was a dialogue between appellant's counsel and the juror which indicated that the juror found the taking of life inexcusable except in very limited circumstances. About this time in the sequence of events, Mrs. Goebel Brown, another juror who had been previously accepted, announced that she would rather not serve. At this point the court stepped in, interrogated both jurors and determined that neither of them had any legitimate reason for not serving, and declared them qualified. Whereupon, the appellant moved the court to discharge the jury or to excuse the jurors for cause, or in the alternative, to permit appellant to excuse both jurors by the exercise of the remaining peremptory challenges. The court overruled these motions.

James H. Byrdwell, Clifford Walters, Shelbyville, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

The appellant shot and killed Robert Vest on December 30, 1971, during the course of

■ This squarely places before us the question of whether a defendant has an absolute right to exercise a peremptory challenge to a juror up to the time the jury is finally sworn to try the case. This seems

to have been the law prior to the adoption of our Rules of Criminal Procedure. See Shelby v. Commonwealth 91 Ky. 563, 16 S.W. 461; Smith v. Commonwealth, 20 Ky. Law Reports 1848, 50 S.W. 241. However, RCr 9.36(3) provides: "Challenges for peremptory or for cause must be made before the juror is accepted except that the court for good cause may permit such challenges until the jury is sworn." This section would indicate that, as successive jurors are placed in the box, each party when in turn examining the jurors should use both his challenges for cause and his peremptory challenges and that once a juror is accepted by a party he no longer has an absolute right to exercise a peremptory challenge even though the jury has not been sworn. The only exception to this being that the trial court for good cause shown may permit a peremptory challenge to be exercised between the time a juror is accepted and finally sworn.

The case presently before us is somewhat complicated by virtue of the fact that the voir dire examination was not reported nor transcribed. Therefore, we do not have an exact record before us as to the colloquy between the court and the juror nor counsel and the juror. For this reason, we are unable to say with any degree of certitude that the court abused its discretion in not permitting the challenge in this instance. However, we are of the opinion that courts should, when possible, freely permit the exercise of peremptory challenges up until the jury is sworn. See Abernathy v. Commonwealth, Ky., 439 S.W. 2d 949 (1969).

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.